IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EPIGMENIO GONZALES | § § | |
| vs. | § § | Civil Action No. 7:22-cv-248 |
| HOME DEPOT U.S.A., INC., YOTRIO CORPORATION, AND DEREK RUIZ | § § § | **JURY DEMANDED** |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Home Depot U.S.A., Inc. ("Home Depot") and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 et. seq., 28 U.S.C. § 1441 et. seq., and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1.  Home Depot is the Defendant in a civil action pending in the 206th Judicial District Court of Hidalgo County, Texas entitled *Epigmenio Gonzalez v. Home Depot U.S.A. Inc., Yotrio Corporation, and Derek Ruiz*; Cause No. C-1782-22-D (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A**, and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

2.  Plaintiff filed his Original Petition on May 12, 2022. Home Depot was served with the Original Petition on June 29, 2022. In his Original Petition, Plaintiff alleged that on April 29, 2022, he had gone to the Home Depot store on W Jackson Ave in Pharr, Texas and sat in a chair manufactured by Defendant Yotrio Corporation and merchandised for sale when the chair collapsed. The Original Petition alleges that Derek Ruiz and Home Depot knew about the condition

of the chair, and it was negligence for there to have been no warnings given to Plaintiff before he encountered it.

3. Plaintiff's Original Petition stated that he is seeking monetary relief over $500,000.00. See Exhibit B-2, section II, ¶ 2. Thus, it is facially apparent from Plaintiff's Original Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied.

4. This Notice of Removal is timely filed by Home Depot within thirty (30) days of service upon it of the first pleading or other paper form from which it could be determined that the amount in controversy is in excess of $75,000, exclusive of costs. *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

5. Plaintiff Epigmenio Gonzales is a citizen of the State of Texas.

6. Home Depot is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Home Depot is thus a citizen of the States of Delaware and Georgia.

7. Yotrio Corporation is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of California with its principal place of business in Chino, California. Yotrio Corporation is thus a citizen of the State of California.

8. Consequently, Plaintiff, Home Depot, and Yotrio Corporation are now, and were at the time of this action commenced, diverse in citizenship from each other.

**IMPROPER JOINDER**

9. Defendant Ruiz is a citizen of Texas. However, Plaintiff improperly joined Ruiz as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Ruiz in state court. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

10. To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999). Home Depot alleges that Ruiz was improperly joined under the second method. Under that method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

11. Against Mr. Ruiz, the Original Petition alleges that "Defendant Ruiz is individually liable for his negligent actions when unboxing and assembling the chair." It further alleges that "Defendant Ruiz caused damage to the structural integrity of the chair during the unpacking, assembly, and stacking process, and his negligent actions are attributable to the chair collapse, which caused Plaintiff's injuries." Finally, Plaintiff alleges that Ruiz owed him an independent duty – separate and apart from any duty imposed upon Home Depot – "to ensure the chairs he

assembled and stacked were not defective, particularly when Mr. Ruiz knew that individuals would be sitting in those chairs."

12. The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Plaintiff's Original Petition does not allege any facts reasonably supporting the inference that Ruiz committed any act resulting in the collapse of the chair or otherwise creating the dangerous condition or making it more dangerous. Plaintiff does not explain how these alleged facts, taken as true, could create an independent duty under Texas law. A conclusory allegation that Ruiz participated in the creation of the dangerous condition, without facts reasonably supporting that conclusion, is insufficient to survive a Rule 12(b)(6)-type analysis. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005). Accordingly, there is no reasonable basis to predict that Plaintiff might recover against Ruiz based on negligence causes of action under Texas law. *See Smallwood*, 385 F.3d at 573.

13. Contrary to Plaintiff's conclusory allegations, Ruiz did not unbox, assemble, and place the chair into display. In fact, the chair does not require assembly at all. As a Home Depot employee, Ruiz does not owe a customer, such as Plaintiff, a duty of reasonable care independent from the duty Home Depot owes. At all relevant times, Defendant Ruiz was in the course and scope of his employment with Home Depot. Any duty owed by Ruiz to Plaintiff was a duty owed by virtue of a duty arising out of his status as a Home Depot employee acting within the course and scope of his employment. Therefore, Ruiz cannot be individually liable to Plaintiff based upon

a negligence theory, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Ruiz. In sum, Ruiz is an improperly joined party to this case.

14. Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction. Yotrio Corporation has not been properly served at the time of removal and need not consent to removal.

15. The amount in controversy in the State Court Action is in excess of $75,000, exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as it is a civil action wholly between citizens of different states, and the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

16. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is in the district and division embracing the place where the State Court Action is pending.

17. Pursuant to 28 U.S.C. § 1446(d), Hope Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and Yotrio Corporation, and will further file a copy of this Notice of Removal with the District Court of Hidalgo County, State of Texas, where this action was previously pending.

18. **<u>Jury Demand</u>** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case pending in the 206th Judicial District Court of Hidalgo County, Texas entitled *Epigmenio Gonzalez v. Home Depot U.S.A. Inc., Yotrio Corporation, and Derek Ruiz*; Cause No. C-1782-22-D, and respectfully

requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

      Respectfully submitted,

      **BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:   */s/ Karen M. Alvarado*
       Karen M. Alvarado
       Attorney-in-Charge
       State Bar No. 11067050
       Federal ID No. 10880
       kalvarado@brothers-law.com
       Lucia D. Zhan
       Of Counsel
       State Bar No. 24125959
       lzhan@brothers-law.com
       10333 Richmond, Suite 900
       Houston, Texas 77042
       (713) 337-0750 - Telephone
       (713) 337-0760 - Facsimile

      **Attorneys for Defendants,**
      **Home Depot U.S.A., Inc. and Derek Ruiz**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 29th day of July, 2022, as follows:

**VIA EFILE/E-SERVICE**
Andrew J. Cobos
Nicholas Kacal
THE COBOS LAW FIRM
711 W. Alabama St.
Houston, Texas 77006

**VIA EFILE/E-SERVICE**
Charles Sanders
ROSE SANDERS PLLC
One Greenway Plaza, Suite #100
Houston, TX 77046-0102

      **BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:   */s/ Karen M. Alvarado*
       Karen M. Alvarado