# Exhibit "B"

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-1782-22-D

| Epigmenio Gonzales VS. Home Depot U.S.A, DEREK RUIZ, YOTRIO CORPORATION | §<br>§<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location: | Injury or Damage - Other (OCA)<br>05/12/2022<br>206th District Court |
| --- | --- | --- | --- |

---

### PARTY INFORMATION

| | | Attorneys |
| --- | --- | --- |
| Defendant | Home Depot U.S.A | |
| Defendant | RUIZ, DEREK | |
| Defendant | YOTRIO CORPORATION | |
| Plaintiff | Gonzales, Epigmenio | ANDREW J. COBOS<br>*Retained*<br>713-234-5860(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
| --- | --- | --- | --- |
| 05/12/2022 | Original Petition (OCA) | | |
| 05/18/2022 | Citation | | |
| | Home Depot U.S.A | Unserved | |
| | RUIZ, DEREK | Served | 07/04/2022 |
| | | Returned | 07/05/2022 |
| | YOTRIO CORPORATION | Unserved | |
| 05/18/2022 | Citation Issued | | |
| 07/18/2022 | Motion for Substitute Service, Filed | | |
| | *ON DEFENDANT YOTRIO CORPORATION* | | |
| 07/18/2022 | Proposed Order | | |
| | *ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE OF PROCESS* | | |
| 07/19/2022 | Sent to Workflow Queue | | |
| 07/23/2022 | Order, Signed | | |
| | *ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE OF PROCESS; SENT TO D/C QUEUE ON 7/25/22* | | |
| 07/23/2022 | Order Granting Motion for Substituted Service, Signed | | |
| | *OF PROCESS* | | |
| 07/25/2022 | Defendant's Original Answer | | |
| 07/25/2022 | Notice Sent | | |
| | *ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE OF PROCESS* | | |
| 07/25/2022 | Affidavit | | |
| | *OF SERVICE FOR HOME DEPOT U.S.A* | | |
| 08/16/2022 | Tickler  (5:30 PM) (Judicial Officer Reyna, Rose G.) | | |
| | *REVIEW FILE* | | |

---

### FINANCIAL INFORMATION

| | | | | |
| --- | --- | --- | --- | --- |
| | **Defendant** Home Depot U.S.A | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 07/28/2022** | | | **0.00** |
| 07/25/2022 | Transaction Assessment | | | 10.00 |
| 07/25/2022 | EFile Payments from TexFile | Receipt # DC-2022-012188 | Home Depot U.S.A | (10.00) |

| | | | | |
| --- | --- | --- | --- | --- |
| | **Plaintiff** Gonzales, Epigmenio | | | |
| | Total Financial Assessment | | | 374.00 |
| | Total Payments and Credits | | | 374.00 |
| | **Balance Due as of 07/28/2022** | | | **0.00** |
| 05/12/2022 | Transaction Assessment | | | 374.00 |
| 05/12/2022 | EFile Payments from TexFile | Receipt # DC-2022-007805 | Gonzales, Epigmenio | (237.00) |
| 05/12/2022 | State Credit | | | (137.00) |

**Exhibit "B-1"**

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

Cause No. C-1782-22-D
_____

| | | |
|---|---|---|
| Epigmenio Gonzales, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| Home Depot U.S.A., Inc., Yotrio | § | |
| Corporation, and Derek Ruiz | § | *Jury Trial Demanded* |
| *Defendants*. | | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Epigmenio Gonzales files this Original Petition, and herein complains of Defendants Home Depot, U.S.A., Inc., Yotrio Corporation, and Derek Ruiz and would respectfully show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 2 of TEX. R. CIV. P. 190.3.

### II.   STATEMENT REGARDING MONETARY RELIEF SOUGHT

2.   Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief over $500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which the Plaintiff is justly entitled.

### III.   PARTIES

3.   Plaintiff is a resident of Hidalgo County, Texas.

4.   Defendant Derek Ruiz is an individual who resides in Edinburg, Texas in Hidalgo County. Mr. Ruiz is being sued in his individual capacity. Mr. Ruiz can be served with process at 3212 Sierra Cir., Edinburg, TX 78539-6263.

5.   Defendant Home Depot, U.S.A., Inc. is a Foreign For-Profit Corporation, authorized to do business in Hidalgo County and the State of Texas. Defendant Home Depot, U.S.A. can be served

1

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1782-22-D**

through their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

6.      Defendant Yotrio Corporation, is a Foreign For-Profit Corporation, authorized to do business in Hidalgo County and the State of Texas. Defendant Yotrio Corporation can be served through their registered agent, Shawn Yan at 8525 Market St., Houston, TX 77029.

### IV.      JURISDICTION AND VENUE

7.      The amount in controversy exceeds the minimum jurisdictional limits of the District Courts of Hidalgo County, Texas.  The District Courts of Hidalgo County, Texas have jurisdiction of the subject matter herein, and venue is proper in Hidalgo County, Texas, given that Defendant Derek Ruiz is a Hidalgo County resident and the incident occurred in Hidalgo County, Texas.

### V.      MISNOMER / ALTER EGO

8.      In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### VI.      REQUEST PURSUANT TO TEX. R. CIV. P. 28

9.      To the extent that either Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

### VII.      FACTS

10.     On April 29, 2022, Plaintiff was an invitee of Home Depot U.S.A., Inc. in their store located at 409 W Jackson Ave, Pharr, TX 78577.  While in the store, Plaintiff sat on a display chair

Exhibit "B-2"

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1782-22-D**

that had been unboxed, assembled, and placed into display by Derek Ruiz, and which was advertised for sale by Home Depot as a Stylewell Mix and March Stackable Brown Steel Sling Outdoor Patio Dining Chair (Model #FCS00015J-RB, Store SKU #1004439776). This chair had been manufactured by Defendant Yotrio Corporation, which is an entity that conducts business in Texas.

11.     Upon information and belief, the chair had been improperly unboxed and assembled and constituted a hazard to individuals shopping at Home Depot—this hazard was known to Home Depot and Derek Ruiz. In combination with the improper assembly or in the alternative, the chair was deficient in its manufacturing, and insufficient warning had been given to patrons that the chair was subject to collapse if any person sat in the chair.

12.     Unaware of the danger posed by the display chair, Plaintiff sat in the chair and it did collapse. Plaintiff was injured by the improperly assembled and deficiently manufactured chair. Defendants' actions collectively were the actual and proximate cause of Plaintiff's injuries, for which Plaintiff now seeks recovery.



*Image 1: The hazardous chair.*

3

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1782-22-D**

## VIII.   CAUSES OF ACTION

### *Count 1: Premises Liability (Defendant Home Depot)*

13.     Plaintiff incorporates the preceding paragraphs as if set forth herein.

14.     Defendant Home Depot was in possession or control of the premises as the owner of the property.

15.     Plaintiff entered onto Defendants' premises with Defendants' knowledge and for their mutual benefit.  Plaintiff was an invitee on the premises.

16.     A condition on Defendants' premises posed an unreasonable risk of harm.  Defendant Home Depot knew or reasonably should have known of the hazard given that their employees placed the chair into the display for the benefit of Plaintiff and other patrons.

17.     Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to inspect, warn, or cure the dangerous condition.

18.     Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in severe harm to his body.  Such injuries have caused Plaintiff to suffer mental anguish, loss of enjoyment of life, past and future medical costs, and loss of earning capacity. Plaintiff seeks damages within the jurisdictional limits of this court.

### *Count 2: Negligence and Gross Negligence (Home Depot and Yotrio Corporation)*

19.     Plaintiff incorporates the preceding paragraphs as if set forth herein.

20.     Defendants were collectively negligent regarding the manufacturing, advertisement, assembly, and display of the chair, and the failure to warn Plaintiff of the hazards posed by the chair.  Defendants has a duty to warn Plaintiff that the chair posed a risk of harm, but failed in

4

**Exhibit "B-2"**

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1782-22-D

this regard.

21.      Defendants' collective negligence proximately caused injury to Plaintiff, which resulted

in severe harm to his body.  Such injuries have caused Plaintiff to suffer mental anguish, loss of

enjoyment of life, past and future medical costs, and loss of earning capacity. Plaintiff seeks

damages within the jurisdictional limits of this court.

22.      <u>Exemplary damages.</u> Plaintiff's injury resulted from Defendants' gross negligence,

which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code

section 41.003(a). Upon information and belief, Defendants have long been aware of the dangers

presented by the conditions of the chair, but took no action to warn of the hazard. Such conduct

evidences extraordinary disregard for the safety of others and constitutes gross negligence.

### *Count 3: Negligence and Gross Negligence (Derek Ruiz)*

23.      Plaintiff incorporates the preceding paragraphs as if set forth herein.

24.      Defendant Ruiz is individually liable for his negligent actions when unboxing and

assembling the chair. The Stylewell Mix and March Stackable Brown Steel Sling Outdoor Patio

Dining Chair (Model #FCS00015J-RB, Store SKU #1004439776) is designed to withstand the

weight of an individual of Plaintiff's size and stature. Defendant Ruiz caused damage to the

structural integrity of the chair during the unpacking, assembly and stacking process, and his

negligent actions are attributable to the chair collapse, which caused Plaintiff's injuries.  Mr.

Ruiz owed the Plaintiff independent duty of reasonable care apart from that required by Home

Depot to ensure that the chairs he assembled and stacked were not defective, particularly when

Mr. Ruiz knew that individuals would be sitting in those chairs.

### *Count 4: Products Liability (Home Depot and Yotrio Corporation)*

25.      Plaintiff incorporates the preceding paragraphs as if set forth herein.

5

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1782-22-D**

26.     Defendants Home Depot and Yotrio Corporation are liable to Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE CH. 82 due to the defective manufacturing and warning to consumers of the chair. Yotrio Corporation manufactured the chair. The chair deviated from its planned specifications and that deviation caused the chair to collapse.

27.     Defendant Home Depot and Defendant Ruiz negligently modified or altered the chair during unpackaging, assembly and display of the chair. After Home Depot received the chair shipment, they exercised substantial control over the content of a warning or instruction that accompanied the defective chair. This warning was inadequate to caution Plaintiff about the likelihood of a chair collapse and resulted in Plaintiff's injuries.

28.     Defendants' collective failures proximately caused injury to Plaintiff, which resulted in severe harm to his body.  Such injuries have caused Plaintiff to suffer mental anguish, loss of enjoyment of life, past and future medical costs, and loss of earning capacity. Plaintiff seeks damages within the jurisdictional limits of this court.

## IX.     JURY DEMAND

29.     Plaintiff demands a jury trial.

## X.     PRAYER

30.      For these reasons, Plaintiff asks that the Court issue a citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment, jointly and severally, against all Defendants, in excess of five-hundred thousand dollars, for actual damages, including  past and future medical costs, pain and suffering, pre-judgment and post-judgment interest, court costs, disfigurement, and attorney's fees, and also for exemplary damages, and for any and all other relief to which Plaintiff is entitled.

Exhibit "B-2"

Electronically Filed
5/12/2022 4:03 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1782-22-D**

Respectfully submitted,

## THE COBOS LAW FIRM

By:     */s/ Andrew J. Cobos*
        Andrew J. Cobos
        State Bar No. 24078352
        Nicholas Kacal
        State Bar No. 24123106
        711 W. Alabama St.
        Houston, Texas 77006
        Telephone: (713) 234-5860
        Facsimile:  (713) 583-5524
        andrew@cobos.law

          and

**ROSE SANDERS PLLC**
Charles Sanders
Texas Bar No. 24118667
Email: charles@ericaroselaw.com
One Greenway Plaza, Suite #100
Houston, TX 77046-0102
Phone: (713) 221-3773
Fax: 713-234-5860

**ATTORNEYS FOR PLAINTIFF**

Exhibit "B-2"

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Andrew Cobos on behalf of Andrew Cobos
Bar No. 24078352
andrew@cobos.law
Envelope ID: 64460894
Status as of 5/12/2022 4:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| kianna Zermeno | | kianna@cobos.law | 5/12/2022 4:03:22 PM | SENT |
| Nicholas Kacal | | Nicholas@cobos.law | 5/12/2022 4:03:22 PM | SENT |
| Charles Sanders | | charles@rosesanderslaw.com | 5/12/2022 4:03:22 PM | SENT |

**C-1782-22-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**
**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT U.S.A**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2022 and a copy of same accompanies this citation.  The file number and style of said suit being C-1782-22-D, **EPIGMENIO GONZALES  VS.  HOME DEPOT U.S.A, DEREK RUIZ, YOTRIO CORPORATION**

Said Petition was filed in said court by Attorney ANDREW J. COBOS, 711 W ALABAMA ST  HOUSTON TX  77006.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of May, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**SELINE GARCIA, DEPUTY CLERK**

**Exhibit "B-3"**

**C-1782-22-D**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ....................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**C-1782-22-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**
**CITATION**
**THE STATE OF TEXAS**

   **NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**DEREK RUIZ**
**3212 SIERRA CIR**
**EDINBURG TX  78539-6263**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2022 and a copy of same accompanies this citation.  The file number and style of said suit being C-1782-22-D, **EPIGMENIO GONZALES  VS.  HOME DEPOT U.S.A, DEREK RUIZ, YOTRIO CORPORATION**

Said Petition was filed in said court by Attorney ANDREW J. COBOS, 711 W ALABAMA ST  HOUSTON TX  77006.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of May, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_Seline M. Garcia_
**SELINE GARCIA, DEPUTY CLERK**

**Exhibit "B-4"**

**C-1782-22-D**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

C-1782-22-D<br>
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**<br>
**CITATION**<br>
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**YOTRIO CORPORATION**
**REGISTERED AGENT: SHAWN YAN**
**8525 MARKET ST**
**HOUSTION TX  77029**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2022 and a copy of same accompanies this citation. The file number and style of said suit being C-1782-22-D, **EPIGMENIO GONZALES  VS.  HOME DEPOT U.S.A, DEREK RUIZ, YOTRIO CORPORATION**

Said Petition was filed in said court by Attorney ANDREW J. COBOS, 711 W ALABAMA ST  HOUSTON TX 77006.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of May, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**SELINE GARCIA, DEPUTY CLERK**

**Exhibit "B-5"**

**C-1782-22-D**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____ .  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
7/5/2022 9:49 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

**C-1782-22-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**
**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**DEREK RUIZ**
**3212 SIERRA CIR**
**EDINBURG TX  78539-6263**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2022 and a copy of same accompanies this citation. The file number and style of said suit being C-1782-22-D, **EPIGMENIO GONZALES  VS.  HOME DEPOT U.S.A, DEREK RUIZ, YOTRIO CORPORATION**

Said Petition was filed in said court by Attorney ANDREW J. COBOS, 711 W ALABAMA ST  HOUSTON TX  77006.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of May, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Seline M. Garcia*
**SELINE GARCIA, DEPUTY CLERK**

Electronically Filed
7/5/2022 9:49 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

**C-1782-22-D**
**OFFICER'S RETURN**

Came to hand on <u>27</u> of <u>June</u>, 202<u>2</u> at <u>6:15</u> o'clock <u>p</u> .m. and executed in <u>Hidalgo</u> County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Derek Ruiz | 7/4/22 | 1:10 pm | 3212 Sierra Cir, Edinburg, TX 78539 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
miles ...................$_____

~~*Vanessa Zuniga*~~
~~DEPUTY~~

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is <u>Vanessa Zuniga</u>, my date of birth is <u>11-18-84</u> and the address is <u>Edinburg, TX 78539</u>, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in <u>Hidalgo</u> County, State of Texas, on the <u>4</u> day of <u>July</u>, 202<u>2</u>.

*Vanessa Zuniga*
**Declarant"**

<u>SCH-8096 / 7-31-2024</u>
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**Exhibit "B-6"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66038621
Status as of 7/6/2022 10:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| kianna Zermeno | | kianna@cobos.law | 7/5/2022 9:49:37 PM | SENT |
| Nicholas Kacal | | Nicholas@cobos.law | 7/5/2022 9:49:37 PM | SENT |
| Charles Sanders | | charles@rosesanderslaw.com | 7/5/2022 9:49:37 PM | SENT |
| ANDREW COBOS | | ANDREW@COBOS.LAW | 7/5/2022 9:49:37 PM | SENT |

Electronically Filed
7/18/2022 1:31 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

**Cause No. C-1782-22-D**

| | | |
|---|---|---|
| Epigmenio Gonzales, | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | **206th JUDICIAL DISTRICT** |
| v. | § | |
| | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| Home Depot U.S.A., Inc., Yotrio | § | |
| Corporation, and Derek Ruiz | § | *Jury Trial Demanded* |
| *Defendants.* | § | |

<u>**PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT YOTRIO CORPORATION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff EPIGENIO GONZALES who respectfully requests that the Court authorize and issue an order allowing Plaintiff EPIGENIO GONZALES to serve Defendant YOTRIO CORPORATION within this lawsuit by substituted service and would show unto the Court the following in support of this Motion.

## I.     <u>FACTS</u>

It is proved impracticable to secure personal service of process in this case on Defendant YOTRIO CORPORATION in person because Defendant, for this purpose of evading service of process, has purposefully frustrated all attempts by Plaintiff to do so.

Plaintiff would further show that a private process server has, on numerous occasions, attempted to perfect service upon Defendant YOTRIO CORPORATION by and through its registered agent, Shawn Yan at the address registered for service: 8525 Market St., Houston, TX 77029 and on each occasion said process server was unable to serve YOTRIO CORPORATION. The Affidavit of Gary F. Hodges evidencing all the attempts is attached as Exhibit "A".

Further, the Affidavit attached to this Motion shows that Defendant YOTRIO CORPORATION can be given notice of this lawsuit by the process server either: (1) leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at 8525 Market St., Houston, TX 77029, (2)

<u>**Exhibit "B-7"**</u>

Electronically Filed
7/18/2022 1:31 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

by firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing

substitute service attached, to the front door of Defendant's address registered for service located

at 8525 Market St., Houston, TX 77029.

## II.     **PRAYER**

Plaintiff requests that the Court order service on Defendant YOTRIO CORPORATION by

a private process server either:  (1) by leaving a true copy of the citation, with a copy of the Petition

and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age

at 8525 Market St., Houston, TX 77029, (2) by firmly affixing a true copy of the citation, with a

copy of the Petition and this Order authorizing substituted service attached, to the front door of

Defendant's address registered for service located at 8525 Market St., Houston, TX 77029.

Respectfully submitted,

THE COBOS LAW FIRM

By:     /s/ Andrew J. Cobos
        Andrew J. Cobos
        State Bar No. 24078352
        Nicholas Kacal
        State Bar No. 24123106
        711 W. Alabama Street
        Houston, Texas 77006
        Telephone:  (713) 234-5860
        Facsimile:  (713) 234-5860

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record by
electronic service on this 18th day of July 2022.

/s/ Nicholas G. Kacal
Nicholas G. Kacal

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Cobos on behalf of Andrew Cobos
Bar No. 24078352
andrew@cobos.law
Envelope ID: 66412140
Status as of 7/18/2022 2:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| kianna Zermeno | | kianna@cobos.law | 7/18/2022 1:31:39 PM | SENT |
| Nicholas Kacal | | Nicholas@cobos.law | 7/18/2022 1:31:39 PM | SENT |
| Charles Sanders | | charles@rosesanderslaw.com | 7/18/2022 1:31:39 PM | SENT |
| ANDREW COBOS | | ANDREW@COBOS.LAW | 7/18/2022 1:31:39 PM | SENT |

## Affidavit in Support of Motion for Substitute Service

**State of Texas**                    **County of HIDALGO**                    **206th District Court Court**

Case Number: C-1782-22-D

Plaintiff:
**Epigmenio Gonzales,**

vs.

Defendant:
**Home Depot U.S.A., Inc., Yotrio Corporation, and Derek Ruiz**

Received by GARY F. HODGES  PSC10081 EXP:12/31/2022 on the 29th day of June, 2022 at 10:46 am to be served on **YOTRIO CORPORATION, 8525 MARKET ST., HOUSTON, TX 77029**

I, GARY F. HODGES  PSC10081 EXP:12/31/2022, being duly sworn, depose and say that I:

**Additional Information pertaining to this Service:**
7/13/2022  4:03 pm  Attempted service at 8525 MARKET ST., HOUSTON, TX 77029,

Spoke with a 50 year old Asian male who stated SHAWN YAN wasn't in the office. I ask if he knew when Mr YAN would be in the office he stated no
7/8/2022  1:44 pm  Attempted service at 8525 MARKET ST., HOUSTON, TX 77029,

Spoke with a 50 year old Asian male who stated SHAWN YAN wasn't in the office
7/5/2022  9:37 am  Attempted service at 8525 MARKET ST., HOUSTON, TX 77029,

Spoke with a 50 year old Asian male who stated SHAWN YAN wasn't in the office
6/30/2022  3:07 pm  Attempted service at 8525 MARKET ST., HOUSTON, TX 77029,

Spoke with a 50 year old Asian male who stated SHAWN YAN wasn't in the office didn't expect him back until next week


I am a State of Texas Authorized Process Server; I am competent to make this oath; I am not less than 18 years of age; I am not a party in the above-referenced case; I have not been convicted of a felony or crime of moral turpitude; and I am not interested in the outcome of the above styled and numbered suit; and I swear that the above statements and facts are true and correct.

Subscribed and Sworn to before me on the 15th day of July, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

**GARY F. HODGES  PSC10081 EXP:12/31/2022**
Process Server

**LIBERTY LITIGATIONS SUPPORT, LLC**
**7171 HIGHWAY 6 NORTH STE 250**
**HOUSTON, TX 77095**
**(281) 200-5314**

Our Job Serial Number: AJT-2022001836

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2b



NOTOCHA COE
Notary Public, State of Texas
Comm. Expires 10-16-2022
Notary ID 13176197-6

**Exhibit "B-7"**

Electronically Filed
7/18/2022 4:35 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

**Cause No. C-1782-22-D**

| | | |
|---|---|---|
| Epigmenio Gonzales, | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | **206ᵗʰ  JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| Home Depot U.S.A., Inc., Yotrio | § | |
| Corporation, and Derek Ruiz | § | *Jury Trial Demanded* |
| *Defendants.* | § | |

## <u>ORDER GRANTING MOTION FOR</u><br><u>SUBSTITUTE SERVICE OF PROCESS</u>

ON THIS DAY came on for consideration the Plaintiff's Motion for Substitute Service Under Rule 106(b), Texas Rules of Civil Procedure. It appears to the Court that Plaintiff has attempted but failed to personally serve **YOTRIO CORPORATION** at Defendant's address registered for service located at **8525 Market St., Houston, TX 77029**. It further appears to the Court that the manner of service ordered herein will be reasonably effective to give said defendant notice of the lawsuit. It is therefore,

**ORDERED, ADJUDGED, and DECREED** that the Motion for Substitute Service is **GRANTED.** It is further,

**ORDERED, ADJUDGED, and DECREED** that service of process may be made upon the Defendant**,** either: (1) by leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at, of **8525 Market St., Houston, TX 77029**; or (2) by firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing substitute service attached, to the front door of Defendant's address registered for service located at the above address.

It is further **ORDERED, ADJUDGED, and DECREED** that the service made by the above method shall not be deemed perfected unless it also complies with the following provisions:

**Exhibit "B-8"**

Electronically Filed
7/18/2022 4:35 PM
Hidalgo County District Clerks
Reviewed By: Cindy A. Lopez

(a) A copy of the citation, Petition, and this Order shall be mailed by BOTH certified mail, return receipt requested, AND by regular mail to the Defendant at the same address at which service is authorized above;

(b) The return of service shall not be made until 30 days after mailing or until the process server receives back the green card from the post office, whichever date is earlier;

(c) The return of service shall include a statement setting out the date of mailing and the result of the mailing by certified mail, and the date of mailing and result of same by regular mail (i.e., whether the envelope was returned by the post office, the green cared came back signed, etc); and

(d) A copy of any envelope or green card returned by the post office shall be attached to the return of service

It is further **ORDERED, ADJUDGED, and DECREED** that the return of service of the person executing service pursuant to this Order shall otherwise be made in accordance with Rule 107, Texas Rules of Civil Procedure. It is further

**ORDERED, ADJUDGED, and DECREED** that service of process will be deemed complete upon compliance with this Order, regardless of whether Defendant signs the certified mail receipt.

SIGNED this _____ day of ___23rd of July, 2022_____, 20___.


_____
JUDGE PRESIDING

**PARTIES TO BE NOTIFIED WHEN ORDER IS SIGNED:**
Epigmenio Gonzales
C/O Andrew Cobos
The Cobos Law Firm
711 W. Alabama St.,
Houston, Texas 77006
Andrew@Cobos.Law

**Exhibit "B-8"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Cobos on behalf of Andrew Cobos
Bar No. 24078352
andrew@cobos.law
Envelope ID: 66427874
Status as of 7/19/2022 8:21 AM CST
Associated Case Party: Epigmenio Gonzales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kianna Zermeno | | kianna@cobos.law | 7/18/2022 4:35:12 PM | SENT |
| Andrew Cobos | | andrew@cobos.law | 7/18/2022 4:35:12 PM | SENT |
| Nicholas GKacal | | Nicholas@Cobos.Law | 7/18/2022 4:35:12 PM | SENT |
| Jocelyn Zuniga | | jocelyn@cobos.law | 7/18/2022 4:35:12 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Cobos on behalf of Andrew Cobos
Bar No. 24078352
andrew@cobos.law
Envelope ID: 66427874
Status as of 7/19/2022 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles Sanders | | charles@rosesanderslaw.com | 7/18/2022 4:35:12 PM | SENT |
| ANDREW COBOS | | ANDREW@COBOS.LAW | 7/18/2022 4:35:12 PM | SENT |

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

### NO. C-1782-22-D

| | | |
|---|---|---|
| **EPIGMENIO GONZALES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC., YORIO** | § | |
| **CORPORATION, and DEREK RUIZ** | § | **206TH JUDICIAL DISTRICT** |

### THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS HOME DEPOT U.S.A., INC. AND DEREK RUIZ

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Home Depot U.S.A., Inc. and Derek Ruiz ("Defendants"), Defendants in the above-entitled and numbered cause, and for its Special Exceptions and Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### SPECIAL EXCEPTIONS

1.      **Fair Notice**.   Defendants specially except the Petition for failing to provide a statement in plain and concise language of the Plaintiff's causes of action, and, pursuant to TEX. R. CIV. P. 45, request that Plaintiff be required to replead sufficiently to enable Defendant to prepare a defense.

2.      **Damages.**      Defendants specially except to the paragraph 28 of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and loss of earning capacity, and, pursuant to TEX. R. CIV. P. 56, request that Plaintiff be required to itemize all special damages for which he seeks recovery. Of which special exception, Defendants pray judgment of the Court.

3.      **Relief**.       Defendants further specially except to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for all other and further relief to which

1.

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

Plaintiff may be entitled. Defendants are entitled to know the specific types of relief to which the Plaintiff may be entitled at law or in equity; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to re-plead to specifically identify each type of damage for which he seeks recovery. Of which special exception, Defendants pray judgment of the Court.

## ORIGINAL ANSWER

Defendants in the above-entitled and numbered cause, file this Answer to the Plaintiff's pleadings on file herein, and would respectfully show unto the Court as follows:

4.      **General Denial**.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demand strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff does in the instant case.

5.      **Plaintiff Comparative Responsibility**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing, that the Plaintiff's own negligent and/or intentional acts were the sole and/or proximate producing cause of any alleged injuries or damages suffered by the Plaintiff.

6.      **Chapter 82 Defense**.  Plaintiff's claims against Home Depot U.S.A., Inc. are barred pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code. Defendant Home Depot U.S.A., Inc., as the nonmanufacturing seller, is not liable for any alleged harm caused by the subject product. Further, none of the enumerate exceptions in §82.003 apply.

7.      **Medical/Health Care Expense Limitations**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing, that under the Tex. Civ. Prac. &

2.

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to recovery of medical or health care expense, if any, to the amount actually paid or incurred by or on behalf of Plaintiff.

8.    **Certain Health Care Service Claims Barred**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

9.    **Net Loss After Tax**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing, that under the Tex. Civ. Prac. & Rem. Code §18.091, in addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is limited to the recovery of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

10.    **Settlement Credits/Contribution Rights**.  Defendants deny that Plaintiff is

3.

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

entitled to any recovery.  However, to the extent any recovery is had by Plaintiff, such recoveries must be offset by any amounts received from joint tortfeasors or other Defendants.  In the unlikely event that Defendants are found liable for any portion of Plaintiff's injuries, if any, Defendants are entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other applicable law.  Further, Defendants pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claims made herein by Plaintiff.

11.    **Tex. Civ. Prac. & Rem. Code**.  Defendants further allege, plead and reserve, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

12.    **Exemplary Damages**.  Defendants further allege, without waiver of the foregoing, that any recovery of exemplary damages herein is subject to CPRC §41.008, Limitation on Amount of Recovery.  Defendants further allege, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

A. Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature;

B. Defendants are being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

4.

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

C. Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendants' rights to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

D. Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's Petition purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

13. **Jury Demand**. Defendants respectfully request trial by jury.

14. **Notice of Intent to Use Documents**. Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendants give notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

15. **Reservation to Amend**. Defendants respectfully reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendants under the Rules of Civil Procedure and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendants, Home Depot U.S.A., Inc. and Derek Ruiz, having fully answered herein, pray that it goes hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendants may be justly entitled.

5.

Exhibit "B-9"

Electronically Filed
7/25/2022 9:21 AM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    ***/s/ Karen M. Alvarado***
Karen M. Alvarado
State Bar No. 11067050
kalvarado@brothers-law.com
Lucia D. Zhan
State Bar No. 24125959
lzhan@brothers-law.com
10333 Richmond, Suite 900
Houston, Texas 77042
Tel: (713) 337-0750
Fax: (713) 337-0760

***Attorneys for Defendants Home Depot U.S.A., Inc.
and Derek Ruiz***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 25th day of July, 2022.

**VIA E-SERVICE**
Andrew J. Cobos
Nicholas Kacal
THE COBOS LAW FIRM
711 W. Alabama St.
Houston, Texas 77006

**VIA E-SERVICE**
Charles Sanders
ROSE SANDERS PLLC
One Greenway Plaza, Suite #100
Houston, TX 77046-0102

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    ***/s/ Karen M. Alvarado***
Karen M. Alvarado

6.

**Exhibit "B-9"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 66615933
Status as of 7/25/2022 9:31 AM CST
Associated Case Party: Epigmenio Gonzales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kianna Zermeno | | kianna@cobos.law | 7/25/2022 9:21:35 AM | SENT |
| Andrew Cobos | | andrew@cobos.law | 7/25/2022 9:21:35 AM | SENT |
| Nicholas GKacal | | Nicholas@Cobos.Law | 7/25/2022 9:21:35 AM | SENT |
| Jocelyn Zuniga | | jocelyn@cobos.law | 7/25/2022 9:21:35 AM | SENT |

**Exhibit "B-9"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 66615933
Status as of 7/25/2022 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles Sanders | | charles@rosesanderslaw.com | 7/25/2022 9:21:35 AM | SENT |
| ANDREW COBOS | | ANDREW@COBOS.LAW | 7/25/2022 9:21:35 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 66615933
Status as of 7/25/2022 9:31 AM CST
Associated Case Party: Home Depot U.S.A

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karen MAlvarado | | kalvarado@brothers-law.com | 7/25/2022 9:21:35 AM | SENT |
| Lucia  Zhan | | lzhan@brothers-law.com | 7/25/2022 9:21:35 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 66615933
Status as of 7/25/2022 9:31 AM CST
Associated Case Party: DEREK RUIZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karen MAlvarado | | kalvarado@brothers-law.com | 7/25/2022 9:21:35 AM | SENT |
| Lucia  Zhan | | lzhan@brothers-law.com | 7/25/2022 9:21:35 AM | SENT |

## AFFIDAVIT OF SERVICE

Electronically Filed
7/25/2022 2:52 PM
Hidalgo County District Clerks
Reviewed By: Nancy Delgado

State of Texas | County of HIdalgo | 206th Judicial District Court

Case Number: C-1782-22-D

Plaintiff:
**Epigmenio Gonzales**

vs.

Defendant:
**Home Depot U.S.A., Inc., et al.**

For:
The Cobos Law Firm
1300 McGowen St.
Houston, TX 77004

Received by Dane Ray Cuppett on the 29th day of June, 2022 at 11:23 am to be served on **Home Depot U.S.A. by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **29th day of June, 2022** at **3:21 pm, I:**

executed to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of delivery endorsed thereon by me, to **Kaneisha Gross, Corporation Service Company d/b/a CSC-Lawyers Incorporating** as the designated agent to accept delivery of process at the address of **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Home Depot U.S.A.** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 29th
day of June, 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/2023
6/29/2022
**Date**

**Liberty Litigation Support, LLC
7171 Highway 6 North
Suite 250
Houston, TX 77095
(281) 200-5310**

Our Job Serial Number: ATX-2022007123
Ref: Epigmenio Gonzales

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

**Exhibit "B-10"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66638002
Status as of 7/25/2022 3:25 PM CST

Associated Case Party: Epigmenio Gonzales

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kianna Zermeno | | kianna@cobos.law | 7/25/2022 2:52:49 PM | SENT |
| Andrew Cobos | | andrew@cobos.law | 7/25/2022 2:52:49 PM | SENT |
| Nicholas GKacal | | Nicholas@Cobos.Law | 7/25/2022 2:52:49 PM | SENT |
| Jocelyn Zuniga | | jocelyn@cobos.law | 7/25/2022 2:52:49 PM | SENT |

**Exhibit "B-10"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66638002
Status as of 7/25/2022 3:25 PM CST

Associated Case Party: Home Depot U.S.A

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lucia  Zhan | | lzhan@brothers-law.com | 7/25/2022 2:52:49 PM | SENT |
| Karen MAlvarado | | kalvarado@brothers-law.com | 7/25/2022 2:52:49 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66638002
Status as of 7/25/2022 3:25 PM CST
Associated Case Party: DEREK RUIZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lucia  Zhan | | lzhan@brothers-law.com | 7/25/2022 2:52:49 PM | SENT |
| Karen MAlvarado | | kalvarado@brothers-law.com | 7/25/2022 2:52:49 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66638002
Status as of 7/25/2022 3:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles Sanders | | charles@rosesanderslaw.com | 7/25/2022 2:52:49 PM | SENT |
| ANDREW COBOS | | ANDREW@COBOS.LAW | 7/25/2022 2:52:49 PM | SENT |